UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD P WILKINSON,<br><br>    Petitioner,<br><br>    v.<br><br>R. NDOH,<br><br>    Respondent. | Case No. 20-cv-01329-JST<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner incarcerated at Avenal State Prison, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a conviction from San Mateo County Superior Court. He has paid the filing fee. ECF No. 4.

**BACKGROUND**

In 2003, petitioner was convicted by a jury of robbery of an inhabited dwelling with prior enhancements. ECF No. 1 ("Pet.") at 1-2. Petitioner was sentenced to thirty-seven years to life. Pet. at 1. Petitioner appealed his conviction to the California Court of Appeal, and the appeal was denied in 2003. Pet. at 3. Petitioner filed a petition for review with the California Supreme Court, which was denied in 2004. Pet. at 3.

Petitioner raised the claims in the instant federal habeas petition in collateral proceedings in the California state courts. Pet. at 3-4. The California Supreme Court denied his state habeas petition on February 13, 2019. Pet. at 4. It is unclear if petitioner as previously filed a habeas petition in the federal courts challenging this conviction.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.      Claims**

As grounds for federal habeas relief, petitioner argues that, recently, the California Supreme Court set a new precedent in *People v. Gallardo*, 4 Cal. 5th 120 (2017) that renders his sentence in violation of the Sixth Amendment and the Fourteenth Amendment. Specifically, petitioner argues that the trial court erred in engaging in fact-finding regarding his prior convictions, in violation of his Sixth Amendment right to a jury trial, and that there was insufficient evidence to support the trial court's finding that he had suffered the prior convictions.[1] Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.      The Clerk shall serve a copy of this order and the petition and all attachments thereto (ECF No. 1) on respondent and respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on petitioner.

2.      Respondent shall file with the Court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on

---

[1] Petitioner's remaining argument, that he has suffered a miscarriage of justice, does not directly challenge the validity of his conviction, but rather argues that, to the extent that the instant federal habeas petition is considered untimely or procedurally barred, his claims should still be heard on the merits.

1 petitioner a copy of all portions of the state trial record that have been transcribed previously and
2 that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty (30) days** of the date the answer is filed.

3. Respondent may file, within **sixty (60) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: February 25, 2020

_____
JON S. TIGAR
United States District Judge